BRIGHT, Circuit Judge,
dissenting.
I concur with the majority’s decision affirming the sentence of Paul Irlmeier but I respectfully dissent as to Randy Irlmeier’s sentence.
The district court erred in imposing an aggravating role enhancement for Randy Irlmeier because the record lacks evidence that Randy Irlmeier served as an organizer, leader, manager, or supervisor. See United States Sentencing Guidelines Manual (U.S.S.G.) § 3B1.1. This court broadly construes the terms “organizer,” “leader,” “manager,” and “supervisor” under U.S.S.G. § 3B1.1. United States v. De Oliveira, 623 F.3d 593, 599 (8th Cir.2010). However, simply “[bjeing a part of a conspiracy does not imply that one is an organizer, leader, manager, or supervisor in the criminal activity.” United States v. Rowley, 975 F.2d 1357, 1364 (8th Cir.1992). “The key determinants of section 3B1.1 are control and organization.” Id. “[W]e have always required evidence that the defendant directed or procured the aid of underlings.” Id. at 1364 n. 7. Therefore, at the very least, “a defendant must direct or enlist the aid of’ one other person. United States v. Lopez, 431 F.3d 313, 318 (8th Cir.2005) (citation omitted) (internal quotation marks omitted); see also United States v. Zimmer, 299 F.3d 710, 724 (8th Cir.2002) (“A manager or supervisor need only have managed or supervised one other participant in the criminal conspiracy.”).
Here, the evidence showed voluntary actions taken by Randy Irlmeier’s alleged coconspirators without any significant direction or instruction from Randy Irlmeier. The absence of any significant direction from Randy Irlmeier distinguishes this case from Lopez, where the defendant specifically asked his roommate to serve as a lookout during a drug deal. See Lopez, 431 F.3d at 318. In contrast, the testimony in this case revealed that Randy Irlmeier did not have to ask for assistance. For example, Gene Weitl admitted to helping snip and clean marijuana with Randy Irlmeier on more than one occasion, but he testified that Randy Irlmeier did not direct him to do so. He simply helped out because he was “just being a friend.” While Weitl testified that on one occasion, as Weitl got up to leave, Randy Irlmeier asked him to retrieve a bag containing marijuana from a shed and deliver it to him in the basement. But, as a practical matter, such a limited request without more does not transform Randy Irlmeier into an organizer, leader, manager, or supervisor.
Caselaw regarding the sentencing enhancement as an organizer, leader, manager, or supervisor under U.S.S.G. § 3B1.1, requires a certain threshold of direction by the defendant. Randy Irlmeier’s request to Weitl is insufficient to show the requisite direction needed to apply the enhancement. Therefore, the district court erred in imposing an aggravating role enhancement for Randy Irlmeier. Without such an enhancement, he would have been eligible for safety-valve relief from the 60-month (five-year) mandatory minimum sentence and would have faced a guidelines range of 46 to 57 months or even a lesser penalty at the district court’s discretion.
I add an observation. In today’s world where several states in this country have legalized marijuana use for medical purposes and two states have even legalized its recreational use, a hard look should *767 apply to marijuana prosecutions carrying mandatory minimum sentences as in this case. United States Attorney General Eric H. Holder, Jr. has concluded that a new approach must be taken in federal sentencing and that we must ensure that our criminal justice system is “[targeting the most serious offenses” and “prosecuting the most dangerous criminals.” Eric Holder, Attorney General of the United States, United States Department of Justice, Remarks at the Annual Meeting of the American Bar Association’s House of Delegates (Aug. 12, 2013), available at http://wwwjustice.gov/iso/opa/ag/speeches/ 2013/ag-speechl30812.html; see also United States v. Scott, 732 F.3d 910, 919 (8th Cir.2013) (Bright, J., dissenting); United States v. Markert, 732 F.3d 920, 935 n. 6 (8th Cir.2013) (Bright, J., dissenting). Randy Irlmeier’s conduct is not a “most serious” offense nor is he a “most dangerous” criminal. A five-year mandatory minimum sentence for his crime is far too long. I would remand to the district court to apply the safety valve and resentence Randy Irlmeier accordingly.